**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000482**
**14-SEP-2016**
**10:29 AM**

NO. CAAP-16-0000482

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MARK G. VALENCIA, Plaintiff-Appellee, v.
WANDA R. VALENCIA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0167-02)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Nakamura, Chief Judge, Fujise and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant/Counterclaim-Plaintiff/ Appellant Wanda R. Valencia's (Appellant Wanda Valencia) appeal from the Honorable Jeannette H. Castagnetti's May 23, 2016 "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment Filed June 17, 2015 and Order Granting Plaintiff's Motion to Strike of December 3, 2015" (hereinafter "the May 23, 2016 summary judgment order") because the May 23, 2016 summary judgment order is not eligible for appellate review

in the absence of a separate judgment pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. Duauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for

evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). Furthermore, even when a circuit court enters a judgment, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. at 119, 869 P.2d at 1338.

On August 20, 2016, the circuit court clerk filed the record on appeal for appellate court case number CAAP-16-0000482, which does not contain an appealable final judgment. Absent an appealable final judgment that, on its face, either resolves all claims against all parties or contains the finding necessary for certification under HRCP Rule 54(b), we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000482 is dismissed for lack of appellate jurisdiction.

-3-

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-16-0000482 are dismissed as moot.

DATED: Honolulu, Hawaiʻi, September 14, 2016.

Chief Judge

Associate Judge

Associate Judge